State for use, etc., *v.* Manly.

STATE for use of Josiah Grigsby *v.* A. L. MANLY *et al.*

SHERIFF. *Duty of sheriff under order of sale in attachment proceeding.*
    Where order of sale is regularly issued by a justice in attachment
    proceeding, the officer is bound to sell, though title to the property is
    disputed. and the plaintiff does not give indemnity bond. The order
    of the court having custody of the property is complete protection to
    him in making the sale. If attachment proceedings are irregular,
    but not void, the sheriff must execute the order of sale.

*Statement of case.* In an action on sheriff's bond for failure to execute and
    return order of sale issued by a justice of the peace in attachment pro-
    ceedings, the officer returned the order endorsed, "I went on to sell
    the corn, and it was disputed, and I would not sell without a bond."
    *Held*, the officer could not require indemnity bond in such case, and he
    was liable.

FROM GRAINGER.

Appeal in error from the Circuit Court of Grainger
county.    J. G. ROSE, J.

J. K. SHIELDS and J. W. YOE for Grigsby.

HENDERSON & JOUROLMON for Manly.

FREEMAN, J., delivered the opinion of the court.

This is an action brought on a sheriff's bond
against Manly, for the default of his deputy, by fail-
ing to execute and return an order of sale issued by
a justice of the peace, directing him to make sale of
certain personal property levied upon by attachment.

The attachment was issued by the justice of the
peace on November 20, 1878, based on a debt of
one hundred dollars for an attorney's fee, claimed to

State for use, etc., *v.* Manly.

be due from the defendant, Alsup. It came to the hand of the deputy sheriff on day issued, and was levied on a lot of corn, as shown by this officer's return, to which is added "citing the said James T. Alsup to appear instantly before W. B. Mitchell, Esq., on this November 20, 1878."

On the same day judgment was rendered for the one hundred dollars claimed, ordering a sale of the property, which last order was issued 22d November, and came to the hands of the deputy sheriff, who returned it with this endorsement: "I went on to sell the corn, and it was disputed, and I would not sell without a bond." A mare seems also to have been levied on by the same officer, and probably under another writ of attachment, in this proceeding. The order of sale was issued in regular form, describing the property that had been attached, that judgment had been rendered, and ordering the property described sold.

The failure to sell the corn levied on and ordered to be sold is the matter complained of in the declaration. The only excuse for not doing so is the fact stated in the return, which is, when fairly construed, that some one disputed the title of the defendant to the property, and the officer demanded a bond of indemnity, which being refused by plaintiff, he, therefore, declined to execute the order, and sell as he was commanded. The Referees report in favor of a reversal of the judgment of the circuit court, which was in favor of defendants. This report is based on supposed errors of law in the charge of his Honor, the circuit judge.

In that charge his Honor held correctly that the proceedings in the attachment case were irregular, but not void, and the sheriff could not for this cause refuse to execute the order of sale. This probably was not involved or necessary to the decision of the case before his Honor, as there is no reason given for the failure to sell, nor any shown, except the fact that the title was disputed and the indemnity bond refused. He, however, charged the law against defendant on this point, and instructed the jury they should find for plaintiff, if this was the only reason for failure to execute the order of sale. The defendant not appealing or prosecuting a writ of error, even if there had been error in this charge, could take no advantage of the supposed error.

The real question, however, is on the charge of his Honor on the question of the right of the officer to demand a bond of indemnity in a case like this, that is, where specific property levied upon by an attachment is ordered by the justice of a court to be sold, in satisfaction of the judgment rendered, in effectuation of the lien already adjudged to be fixed on it by the levy of attachment, bringing the property within the custody and under the control of the justice or court.

His Honor held substantially that the officer in such a case, if the title to the property was disputed, might well refuse to sell or execute the order of sale unless a bond of indemnity was tendered. He held, however, that the contest of the title must be one known by him not to be frivolous, but he should in-

stitute reasonable inquiry into the claim, and if found such as a reasonable and prudent man would act on, in his own affairs, he might refuse to proceed without indemnity.

While we may not agree with the reasons given in the opinion of the Referees for the conclusion they have reached, we do agree in the result reported, that. is, that under the state of case before us, the officer was bound to execute the order of sale, and is liable for refusal to do so.

It is not a question of original seizure of property, where a different rule might find possibly some justification. The property has already been seized, and is in the custody of the law, under the control of the court. That court renders a judgment for the debt, adjudges the lien of the attachment to have been fastened on the property, and orders the property thus held to be sold by its officer. The order of sale on its face shows authority in the court over the subject-matter, jurisdiction, in other words, and the validity of the order beyond this is not for the officer to decide, nor is the question of a disputed title one for his consideration in such a case. The order of the court having the custody of the property is a complete protection to him in making the sale. He only sells such property as the defendant in the attachment himself has. If he has none, nothing passes as to third parties. We take it there can be no doubt of his plain duty to execute the order. To hold the opposite would be to allow the officer or a party setting up a claim of title to the

property, without process of law or suit, to practically reverse, or render null and ineffective, the judgment of a court having the custody of property by virtue of its process.

We think the ruling of the court in the case of *Shaw* v. *Holmes*, 4 Heis., 692, as well as the point then decided, has nothing to do with the case now before us. The writer of this opinion does not concede the correctness either of the ruling or reasoning in that case on the question of a bond of indemnity. But it has no application to this case. That is a case where the officer released a levy of an attachment, or refused to make an original seizure, because the title was disputed, or rather because the defendant in the attachment told him the property belonged to another. This is a case where the seizure has already been made, and the property adjudged liable to payment of the debt, and ordered to be sold for its satisfaction. There is no similarity between them. It is clear in that case the officer was liable, independent of any theory the Chief Justice might hold as to rights against the plaintiff on the bond, as he had the property in his possession, and released it, not on a disputed title, but because the defendant told him it belonged to his brother. The brother made no claim to it. The case was rightly disposed of in its result on this view, and the reasoning of the Chief Justice is not on settled principles authoritative. He certainly made a misapplication of section 3605 of the Code, when he said *arguendo* it authorizes the officer to take judgment by motion against

State for use, etc., *v.* Manly.

the plaintiff in the attachment suit on his bond, should the officer be sued for seizing the property. That section only gives the judgment against obligors on bonds given to indemnify the officers for levying an execution on *attachment,* or for making sale of property so levied on or attached, after judgment against such officer, etc. It is too clear for argument that this section has no application to the attachment bond, but only to a case where a bond of indemnity may have been given to the officer directly in such a case.

We do not see the application of the cases involving the degree of diligence or activity required in an officer in executing process to the question in hand. It is not a case of diligence, or the want of it, but one of refusal to execute an order of court for an insufficient reason. We do not therefore discuss that question, but content ourselves with reversing the judgment for the reasons given and the question stated.

Reversed and remanded.